1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                   AT SEATTLE

10   SETH D. HARRIS, Acting Secretary of        CASE NO. C12-5719MJP
     Labor, United States Department of
11   Labor,                                     ORDER GRANTING PLAINTIFF'S
                                                MOTION FOR SUMMARY
12                   Plaintiff,                  JUDGMENT

13           v.

14   SUPER BUFFET, LLC,

15                   Defendant.

16

17        This matter comes before the Court on the motion for summary judgment filed by

18   Plaintiff Department of Labor. (Dkt. No. 16.) Having reviewed the motion, Defendant's response

19   (Dkt. No. 23), and all related filings (Dkt. Nos. 17, 18, 19, 24, 25, and 27), the Court GRANTS

20   Plaintiff's motion and ORDERS that summary judgment is hereby entered in favor of Plaintiff.

21                              **Background**

22        Plaintiff, the U.S. Department of Labor, brings this action against Defendant Super

23   Buffet, LLC, alleging numerous violations of the Fair Labor Standards Act of 1938 (the "Act"),

24   29 U.S.C. § 201 et seq. (Dkt. No. 1 at 1.) Defendant, which operates a Chinese restaurant in

1    Lacey, Washington, is accused of violating the Act by failing to pay its employees the minimum

2    wage, failing to provide overtime pay for hours worked in excess of 40 hours per week, and

3    failing to keep accurate records for all hours worked by each employee. (Dkt. No. 16 at 2.)

4        Defendant agrees that it is an employer within the meaning of the Act and that its

5    employees were engaged in interstate commerce within the meaning of the Act. (Dkt. No. 23 at

6    9.) However, Defendant asserts Plaintiff's calculations about minimum wage and overtime

7    wages are incorrect, because "[t]he computation does not include the monthly rent and food costs

8    for employees that was paid for by the Defendants." (Id. at 4-5.) Defendant also denies that it

9    failed to keep accurate payroll records for the majority of its employees. (Id. at 5.)

10       Plaintiff requests that the Court grant summary judgment on the issues of Defendant's

11   liability under sections 6, 7, and 11 of the Act, 29 U.S.C. §§ 201-219, enjoin Defendant from

12   future violations of the Act, and award backwages and liquidated damages as provided by the

13   Act. (Dkt. No. 16 at 1-2.) Plaintiff provides three documents in support of its motion. First,

14   Plaintiff provides a copy of the requests for admission that it served on Defendant March 19,

15   2013. (Dkt. No. 17.) Plaintiff asserts that, pursuant to Federal Rule of Civil Procedure 36(a)(3),

16   the subject matter in those requests must be deemed admitted because Defendant did not provide

17   an answer within 30 days. (Dkt. No. 16 at 3.) Plaintiff also provides the declarations of two

18   Department of Labor Wage Hour investigators, David Miljoner and Ming Sproule, which

19   describe the wage and hour violations in detail, compute back wages, and assert that one of

20   Defendant's members, Jing Li, knew the Act required Defendant to pay a minimum wage and

21   overtime wages because Li had worked in the United States for 15 years. (Dkt. Nos. 18 and 19.)

22       Defendant asserts that it did not respond to Plaintiff's requests for admission because a

23   settlement had been reached in principle and because Defendant believed that "discovery was no

24

1   longer needed so long as the Defendant could secure a loan in the amount needed to settle the

2   complaint." (Dkt. No. 23 at 3.) Defendant also provides a declaration from Xiao Bin Lin, who is

3   identified as a 35% owner of Qing Xing, Inc., the named Defendant in a related case, C12-

4   5720MJP, but not a party in the present case. (Dkt. No. 27.) In the declaration, Xiao Bin Lin

5   states that Qing Xing, Inc. "paid for housing and food for its employees" at a restaurant in

6   Dupont, Washington, and that the company was unaware of the requirements of the Act. (Id. at

7   1-2.) The present case concerns a Chinese restaurant in Lacey, not Dupont, and it appears this

8   document was filed in error. (See Dkt. No. 1 at 2.)

9                                          **Discussion**

10          A. Legal Standard

11          Federal Rule 56(a) provides that the court shall grant summary judgment if the movant

12   shows that there is no genuine dispute as to any material fact and the movant is entitled to

13   judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S.

14   242, 247 (1986). In determining whether a factual dispute requiring trial exists, the court must

15   view the record in the light most favorable to the nonmovant. Id. at 255. All material facts

16   alleged by the non-moving party are assumed to be true, and all inferences must be drawn in that

17   party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008). If the moving party

18   satisfies its burden, the burden shifts to the non-moving party to come forward with "specific

19   facts showing that there is a genuine issue for trial." Matushita Elec. Indus. Co. v. Zenith Radio

20   Corp., 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational

21   trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id.

22          B. Requests for Admission

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 3

1    The matters that were the subject of Plaintiff's March 19, 2013 requests for admission are

2  deemed admitted for the purposes of this motion because Defendant failed to respond to

3  Plaintiff's discovery request. Federal Rule 36(a) states that a matter is deemed admitted "unless,

4  within 30 days after service of the request . . . the party to whom the request is directed serves

5  upon the party requesting the admission a written answer or objection addressed to the matter,

6  signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). Once admitted, the matter

7  is "conclusively established unless the court on motion permits withdrawal or amendment of the

8  admission" pursuant to Rule 36(b).

9    Here, Plaintiff shows that it served the requests for admission on March 19, 2013. (See

10  Dkt. No. 17-1 at 1.) Defendant's counsel asserts that it was his "understanding that the discovery

11  was no longer an issue since we had come to an agreement on the settlement and were just

12  waiting on [his] client to secure the loans." (Dkt. No. 24 at 2.) But this argument fails for two

13  reasons. First, a review of the email correspondence between Plaintiff's counsel and Defendant's

14  counsel shows it is obvious that no agreement was ever reached. (See Dkt. No. 24-1 at 1

15  (Plaintiff's counsel states that if Defendant can secure a loan for $400,000 to pay a settlement, he

16  would "recommend that Wage Hour accept your offer").) This agreement was never

17  consummated because Defendant never obtained the loan, and because Plaintiff's counsel only

18  stated he would "recommend" his client accept the settlement, not that the matter would be

19  settled. (Id.) Second, Defendant offers no basis for the Court to conclude that these settlement

20  negotiations somehow relieved it of the obligation to respond to outstanding discovery requests,

21  or that Plaintiff represented to Defendant that response was unnecessary.

22    As the Ninth Circuit has explained, "It is undisputed that failure to answer or object to a

23  proper request for admission is itself an admission: the Rule itself so states." Asea, Inc. v.

24

1   Southern Pacific Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1982). Federal Rule 36(b) states that

2   "[a] matter admitted under this rule is conclusively established unless the court, on motion,

3   permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Here, Defendant has

4   filed no motion asking the Court to withdraw its admission, so the matters in Plaintiff's requests

5   for admission are deemed conclusively established. (Dkt. No. 17-1.) These established facts

6   include, among others, that every individual listed in Exhibit A of the Complaint was an

7   employee of Defendant, that wait persons at the Lacey Super Buffet restaurant worked for tips

8   only, that employees worked from 10:00 a.m. to 10:00 p.m. six days a week, and that the gross

9   volume of Defendant's sales exceeded $500,000 annually from 2008 to 2011. (Id. at 13-14.)

10      C.  FLSA Violations

11        Plaintiff, by citing to materials in the record, shows that there is no genuine issue of

12   material fact that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The Fair

13   Labor Standards Act requires employers to pay employees at least the federal minimum wage for

14   all hours worked, pay at least one and one half times the minimum wage for all hours worked in

15   excess of 40 in a work week, and maintain certain records related to the employment of

16   employees. 29 U.S.C. §§ 206(a), 207(a), and 211(c). Failure to comply with these requirements

17   exposes an employer to injunctions and payment of wages due plus liquidated damages. 29

18   U.S.C. §§ 216-217.

19        In the absence of accurate records kept by the employer in accordance with 29 C.F.R. §

20   516.2, back wages for hourly workers are established through the methodology found in the

21   Wage Hour regulations at 29 C.F.R. § 778.110. Here, the Wage Hour investigator determined

22   that minimum wage violations resulted in back wages totaling $259,286.50 are owed to 16

23   employees. (Dkt. No. 18 at 3.) The investigator computed this amount using the standard formula

24

1   of dividing total wages by the total hours worked, then subtracting the regular rate from the

2   applicable federal minimum wage to determine the minimum wage due per hour. (Id.) The

3   investigator also found that $156,975 in overtime back wages are owed to 14 employees. (Id.)

4   The investigator computed this amount by subtracting 40 hours from the total hours worked each

5   week to determine overtime hours, multiplying the overtime hours by the minimum wage, and

6   multiplying the straight time paid by 0.5. (Id. at 2-3.) Defendant attacks this calculation, stating

7   that "the amount of money spent by the Defendant on housing and food for the employees has

8   not been figured into the calculations to determine whether or not the employees were paid

9   minimum wage and overtime wage." (Dkt. No. 23 at 7.) But Defendant provides no authority

10  supporting its assertion that housing or food costs should be taken into account under the Act,

11  and it provides no detail regarding these supposed expenditures. (Id.) Plaintiff has satisfied its

12  burden under Rule 56, and Defendant has failed to provide "specific facts showing that there is a

13  genuine issue for trial." Matushita, 475 U.S. at 587.

14         Plaintiff also demonstrates that no genuine issue of fact exists as to whether Defendant

15  willfully violated the Act. An action to recover back wages under the Act may extend three years

16  prior to the date of the applicable tolling agreement of filing of a Complaint where the violations

17  of the Act were willful. 29 U.S.C. § 255(a). An employer willfully violates the Act "where the

18  employer knew that its conduct was prohibited by the Act or showed reckless disregard for the

19  requirements of the Act." 29 C.F.R. § 578.3(c). Here, Plaintiff shows that one of the members of

20  Defendant LLC had lived and worked in the United States for 15 years, including many years

21  working in Chinese restaurants where he himself received overtime pay. (Dkt. No. 19 at 2.) This

22  strongly supports a finding that Defendant knew the requirements of the Act. In response,

23  Defendant argues that "[j]ust because Mr. Li was an employee at a Chinese restaurant does not

24

1   mean that he knows the correct and legal ways to run a business." (Dkt. No. 23 at 7.) But,

2   besides this general assertion, Defendant offers no specific facts showing that Defendant was

3   unaware of the requirements of the Act. Without more, these bare assertions are insufficient to

4   defeat summary judgment on this matter. See Matushita, 475 U.S. at 587.

5       D. Liquidated Damages

6       Lastly, Plaintiff is entitled to liquidated damages in this matter. The Act provides that

7   "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount

8   of the unpaid minimum wages or overtime compensation and an equal amount as liquidated

9   damages." 29 U.S.C. § 216(c). Once a plaintiff establishes liability for unpaid wages, double

10   damages are the norm. Alvarez v. IBP, Inc., 339 F.3d 894, 910 (9th Cir. 2003). Here, the

11   undisputed material facts conclusively demonstrate Defendant's violations of the minimum wage

12   and overtime provisions of the Act. Therefore, Plaintiff is entitled to liquidated damages in an

13   amount equal to the backwages owed.

14                       **Conclusion**

15       Plaintiff's motion for summary judgment is GRANTED. The Court grants Plaintiff the

16   relief requested in Plaintiff's complaint, including a permanent injunction enjoining Defendant

17   from violating the provisions of the Act, and damages in the amount of $416,261.15 representing

18   backwages for the individuals on Exhibit A to the Complaint, as well as $416,251.15 in

19   liquidated damages due under the Act.

20       Defendant is required to make all payments referenced above no later than 30 days from

21   the entry of this order. Payment is to be made via regular payroll checks to each individual

22   employee and Defendant is responsible for calculating and deducting all applicable withholdings.

23   Checks shall be made payable in the alternative to the named employee or "USDOL" and shall

24

1  be delivered by Defendant directly to the individual. For any individuals whose address is

2  unknown to Defendant, Defendant shall send the check directly to the Department at the address

3  below. For all other individuals, Defendant shall send a copy of the check, along with a

4  statement of any deductions taken to:

5      US Department of Labor, Wage and Hour Division
       300 Fifth Avenue, Suite 1125
6      Seattle, WA 98104

7

8      The clerk is ordered to provide copies of this order to all counsel.

   Dated this _11_ day of September, 2013.
9

10

11     Marsha J. Pechman
       United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 8